FRANK T. GILBERT, Respondent, *v.* THE LONG ISLAND RAILROAD COMPANY, Appellant.

*Facts presumed to have been found by the jury according to the prevailing party's evidence.*

It will be presumed, upon an appeal from a judgment entered upon the verdict of a jury, that the jury found the facts according to the testimony given on behalf of the prevailing party.

APPEAL by the defendant, The Long Island Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 16th day of November, 1893, upon the verdict of a jury rendered after a trial at the Kings County Circuit, and also from an order made at the Kings County Circuit on the 9th day of November, 1893, and entered in said clerk's office, denying the defendant's motion for a new trial.

*W. C. Beecher*, for the appellant.

*Charles J. Patterson*, for the respondent.

DYKMAN, J.:

This is an action for the recovery of damages for injuries inflicted by an engine upon the defendant's road. The accident happened near Ozone Park on Long Island, where the track runs nearly north and south.

The plaintiff, with a man named Styler, was riding in a wagon drawn by one horse. Styler was driving and they were coming from the east towards the west, and as they approached the railroad there was a train passing north. He stopped sixty or seventy feet from the track and waited until that train moved away.

. There were two tracks at that place and the passing train was on the easterly track nearest to the plaintiff.

After the train passed the wagon of the plaintiff started to cross behind it and was struck by the engine of a south-bound train on the westerly track. The plaintiff was thrown from the wagon and received serious injuries. The cause was tried before a jury and the plaintiff recovered a verdict of $7,500.

From the judgment entered upon the verdict and from the order denying a motion for a new trial on the minutes of the court the defendant has appealed.

The usual questions in this class of cases were raised upon the trial, and testimony was given in relation to the question of negligence on the part of the defendant and the contributory negligence of the plaintiff, and it was a proper case for the jury.

The case was properly presented by the charge of the trial judge, which is free from error.

We must assume that the jury found the facts according to the testimony introduced on behalf of the plaintiff, and that was amply sufficient to sustain the verdict.

The judgment and order should be affirmed, with costs.

BROWN, P. J., and CULLEN, J., concurred.

Judgment and order affirmed, with costs.